*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AARON MCGEE,

Plaintiff-Appellant,

v

BELCREST APARTMENTS, LLC,

Defendant-Appellee.

UNPUBLISHED
December 09, 2024
9:33 AM

No. 367577
Wayne Circuit Court
LC No. 22-001428-CD

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Plaintiff filed this action against defendant alleging race-based claims under the Elliott-Larsen Civil Rights Act (CRA), MCL 37.2101 *et seq*. Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Defendant is an apartment complex located in the city of Detroit. Plaintiff, who is African-American, lived at the complex and also worked there performing maintenance duties and painting apartments. Plaintiff testified that Dan Brownheim, a Caucasian coworker, used "the N-word" three times while in the maintenance room one day. Plaintiff responded by saying, " '[y]'all being racist.' " According to plaintiff, defendant's manager, Lauren Berger, laughed and failed to admonish Brownheim. Plaintiff also testified that, the following day, Brownheim "blurted out 'you monkey' " in reference to plaintiff. The day after Brownheim's "monkey" remark, Berger walked into the maintenance room while plaintiff and Brownheim were arguing about the remark. Plaintiff asserts that, when he told Berger why he and Brownheim were arguing, Berger merely smiled and left the room. She again failed to admonish Brownheim.

Plaintiff quit working for defendant at some point during the following month because Berger failed to address Brownheim's remarks and simply ignored them. After plaintiff quit, he mentioned Brownheim's comments to Nancy Marcon, one of defendant's owners. Plaintiff testified that Marcon did not say anything to him about the comments and, similar to Berger, failed to discuss the comments with Brownheim. A few weeks later, Marcon asked plaintiff to return to

work as a contractor painting apartments. She told plaintiff that he would not have to "deal with" Berger and could instead work with Stephanie Zany, a different supervisor. Plaintiff resumed working for defendant and was paid "by the job" rather than hourly. The following year, plaintiff filed this action against defendant, but continued to work as a contractor painting apartments.

At some point, Zany quit working for defendant, and plaintiff had to regularly interact with Berger again. Three months after plaintiff filed this lawsuit, he went on a two-week vacation. When he returned, Berger told him that there were no apartments that needed painting and that he should check again in a few weeks. When plaintiff spoke to Marcon, she told him that he charged too much for his work. Plaintiff did not contact defendant for more painting jobs, and defendant hired a new painter.

In his complaint, plaintiff alleged disparate treatment, hostile work environment, constructive discharge, and retaliation in violation of the CRA. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the CRA was inapplicable because plaintiff was an independent contractor rather than an employee. Alternatively, defendant argued that plaintiff failed to establish a genuine issue of material fact with respect to any of his substantive claims. The trial court granted defendant's motion on the basis that the protections of the CRA were limited to employees and plaintiff was an independent contractor. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). A party is entitled to summary disposition under MCR 2.116(C)(10) when the evidence fails to establish a genuine issue of material fact for trial. *Id*. "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by determining that he was an independent contractor and that the CRA is applicable only to employees and not to independent contractors. We agree with plaintiff that his employment status was not determinative of whether he could assert a viable claim under the CRA.

MCL 37.2202(1)(a) states that an employer shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment" because of the individual's race. In *McClements v Ford Motor Co*, 473 Mich 373, 386; 702 NW2d 166 (2005), amended by 474 Mich 1201 (2005), our Supreme Court recognized that limiting "the availability of relief under the CRA to those suits brought by an employee against his or her employer is not consistent with the statute." The Court looked to the statutory language and opined that "the key to liability under the CRA" is not an individual's status as an employee. *Id*. Rather, the Court held that a worker is entitled to assert a claim under the CRA "if the worker can establish that the defendant affected or controlled a term, condition, or privilege of the worker's employment." *Id*. at 389. The

*McClements* Court concluded that the plaintiff in that case failed to establish a genuine issue of material fact because the defendant did not affect or control whether the plaintiff was hired, her work location, or her benefits, including her pay rate. *Id*. at 389-390.

Recently in *City of Wayne v Miller*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364138), slip op at 5, this Court followed our Supreme Court's holding in *McClements* and recognized that "the plain language of the statute does not limit employment discrimination claims to employees." Relying on *McClements*, this Court opined that regardless of whether the plaintiff, an elected official of the city defendant, was an employee of the defendant, "he certainly had employment and alleged that the City affected or controlled a condition of his employment." *Id*. Thus, this Court concluded that the plaintiff pleaded a viable employment-discrimination claim under the CRA. *Id*.

In this case, plaintiff established a genuine issue of material fact regarding whether defendant affected or controlled a term, condition, or privilege of his employment. Berger testified that before plaintiff quit working for defendant in the Spring 2021, she assigned plaintiff his job duties, and, if he refused to perform a certain assignment, she gave him an alternative assignment. If he refused to perform the alternative assignment, she sent him home for the day. Defendant prohibited plaintiff from subcontracting his assignments. Defendant required plaintiff to work from 9:00 a.m. to 5:00 p.m. and provided the painting supplies that plaintiff needed. Defendant also required plaintiff to punch a time clock and controlled his hourly pay rate.

In addition, the record indicates that, after plaintiff returned to work as a contractor in the Fall of 2021, defendant continued to control a term, condition, or privilege of his employment. Defendant advised plaintiff which apartments needed painting and the timeframe within which the apartments needed to be painted. Plaintiff continued to use defendant's painting supplies, and defendant continued to prohibit plaintiff from subcontracting the work. In addition, plaintiff testified that defendant sometimes told him the order in which to paint the apartments. Accordingly, at a minimum, plaintiff established a genuine issue of material fact regarding whether defendant affected or controlled a term, condition, or privilege of his employment, and the trial court erred by granting defendant's motion for summary disposition on the basis that plaintiff was unable to assert a viable claim under the CRA.

Defendant argues that if we determine that the trial court's conclusion was erroneous, we should affirm on the alternative basis that plaintiff's substantive claims fail as a matter of law. We decline to address the merits of plaintiff's substantive claims. Although defendant moved for summary disposition in part on the basis that plaintiff failed to establish a genuine issue of material fact regarding his substantive claims, the trial court did not address those claims. We likewise decline to address defendant's four substantive claims without the benefit of a trial court decision to review. "As an error-correcting court, this Court's review is generally limited to matters actually decided by the lower court." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018) (citations omitted). As such, "[w]e need not address an issue that was not the basis of the trial court's decision." *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014). Accordingly, we decline to address the merits of plaintiff's substantive claims.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan